Victor Ivy **BROWN**, Appellant

v.

James **MATTIS**, Appellee

No. 16-5217

September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 12, 2017

Victor Ivy Brown, Pro Se

R. Craig Lawrence, Jane M. Lyons, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

BEFORE: Tatel, Griffith, and Pillard, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and the supplemental pleadings filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that this case be remanded for reconsideration of the dismissal order filed on May 31, 2016. The district court dismissed appellant's case sua sponte, holding that it was "barred by res judicata and by time." Appellee argues that a 2003 district court decision denying a contempt motion serves as the res judicata bar. However, despite appellee's suggestion to the contrary, the district court applied the clear and convincing evidence standard in denying the contempt motion. Thus, unlike in Porter v. Shah, 606 F.3d 809 (D.C. Cir. 2010), the contempt decision does not serve as a res judicata bar to the instant case. Although the district court also relied on timeliness grounds in dismissing the instant case, it is not entirely clear which claims the court deemed untimely, and that court is best positioned to consider in the first instance the timeliness and other arguments raised in the parties' briefs and supplemental pleadings.

**4**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.